**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000042
21-DEC-2018
08:02 AM**

NO. CAAP-16-0000042

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ASSOCIATION OF APARTMENT OWNERS OF CENTURY CENTER, INC.,
BY AND THROUGH ITS BOARD OF DIRECTORS, Plaintiff-Appellee,
v.
YOUNG JIN AN AKA YOUNG JA KIM AND AMBROSIA – SPA, INC.,
Defendants-Appellants,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE PARTNERSHIPS 1-20;
DOE CORPORATIONS 1-20; AND DOE ENTITIES 1-20, Defendants

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CIVIL NO. 1RC13-1-4367)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendants-Appellants Young Jin An a.k.a. Young Ja Kim
and Ambrosia-Spa Inc. (**An**) appeal from the December 3, 2015 Writ
of Possession and Judgment for Possession entered against An and
in favor of Plaintiff-Appellee Association of Apartment Owners of
Century Center, Inc. (**the AOAO**) in the District Court of the
First Circuit (**District Court**).[1]  An also challenges the District

---

[1]     The Honorable Michael K. Tanigawa presided.

Court's November 27, 2015 Order, which granted the AOAO's Motion to Terminate the Stay Pending Appeal.

An raises two points of error, contending that the District Court erred in: (1) entering a new Judgment and Writ of Possession on December 3, 2015, in violation of its limited jurisdiction during the pendency of an appeal challenging a prior judgment and writ; and (2) granting the AOAO's Non-Hearing Motion to Terminate the Stay Pending Appeal in violation of An's rights to Due Process and Equal Protection of Law."[2]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve An's points of error as follows:

As a threshold matter, we note that the District Court issued an initial Judgment for Possession and Writ of Possession against An, both entered on February 4, 2014,[3] from which An appealed. During the pendency of that appeal, the District Court, on November 27, 2015, granted the AOAO's Motion to Terminate the Stay Pending Appeal and, on December 3, 2015, issued a second Judgment for Possession and Writ of Possession, which are the subject of this appeal.

The Intermediate Court of Appeals (**ICA**) previously concluded, in a February 26, 2016 Memorandum Opinion (CAAP-14-

---

[2] An also appears to challenge the December 24, 2015 Order Denying Defendants' Motion for Reconsideration and/or Orders Setting Aside Judgment for Possession and Writ of Possession Filed December 3, 2015.

[3] The Honorable Melanie May presided.

2

000431), that the District Court lacked subject matter jurisdiction over this case and therefore lacked jurisdiction to enter, *inter alia*, the February 4, 2014 Judgment for Possession and Writ of Possession. The ICA vacated the February 4, 2014 Judgment for Possession and Writ of Possession, as well as other orders of the District Court, and remanded the case to the District Court with instructions to dismiss this case for lack of jurisdiction. This court's Memorandum Opinion was affirmed by the Hawai'i Supreme Court in Ass'n of Apartment Owners of Century Ctr., Inc. v. An, 139 Hawai'i 278, 389 P.3d 115 (2016) (**An I**). For reasons that are unclear, the District Court has not yet entered an order dismissing this case for lack of subject matter jurisdiction.

In any case, as stated in the ICA's February 26, 2016 Memorandum Opinion, as well as in the supreme court's Opinion in An I, the District Court lacked subject matter jurisdiction over this case. Accordingly, the District Court lacked jurisdiction to enter, *inter alia*, the December 3, 2015 Judgment for Possession and Writ of Possession.

Therefore, we vacate the District Court's: (1) October 12, 2015 Order Granting in Part and Denying in Part Plaintiff [AOAO]'s Motion for Relief from the Order Granting Defendants' Motion to Set Supersedeas Bond; (2) November 27, 2015 Order; (3) December 3, 2015 Judgment for Possession; (4) December 3, 2015 Writ of Possession; and (5) December 24, 2015 Order Denying Defendants' Motion for Reconsideration and/or Orders Setting

3

Aside Judgment for Possession and Writ of Possession Filed December 3, 2015.

This case is remanded to the District Court with instructions to dismiss the case for lack of jurisdiction. Other points raised in this appeal are moot.[4]

It is further ordered that the appellate clerk shall serve this Summary Disposition Order on District Court Judges Michael K. Tanigawa and Hilary Benson Gangnes[5] and Deputy Chief Judge Lono Lee.

DATED: Honolulu, Hawaiʻi, December 21, 2018.

On the briefs:

Gary Victor Dubin,
Katherine S. Belford,
for Defendants-Appellants.

R. Laree McGuire,
Linda E. Ichiyama,
Cheryl A.K. Fraine,
(Porter McGuire Kiakona &
 Chow, LLP),
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[4]    The dismissal of this appeal is without prejudice to any further remedies the parties may seek in a separate action.

[5]    It appears from the District Court's minutes that on June 5, 2017, Judge Hilary Benson Gangnes held a status conference at which she indicated that the case would be dismissed.